IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00033-BNB

WILLIAM A. COYLE,

    Plaintiff,

v.

TIFFANY HOLUBEK, Official - Individual Capacity, and
JANE DOE (OTHER DEFENDANT(S)), Official Capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, William A. Coyle, is a prisoner in the custody of the Colorado Department of Corrections incarcerated at Arkansas Valley Correctional Facility in Ordway, Colorado.  Mr. Coyle initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No 3).  On January 7, 2014, Magistrate Judge Boyd N. Boland granted Mr. Coyle leave to proceed pursuant to 28 U.S.C. § 1915 (ECF No. 5).

    On January 8, 2014, Magistrate Judge Boland entered an order (ECF No. 6) directing Mr. Coyle to show cause why the action should not be dismissed as repetitive of the claims that he asserted and are pending in *William A. Coyle v. Theodore Laurance, P.A. and Mechelle "Doe" aka Nurse Mechelle,* Civil Action No. 13-cv-02872-CMA-CBS (D. Colo. Filed October 21, 2013).  Magistrate Judge Boland noted that the Prisoner Complaints in the two actions assert claims under § 1983 for denial of adequate medical care in violation of Plaintiff's Eighth Amendment right and seek similar

remedies. Magistrate Judge Boland also noted that several filings in Civil Action No. 13-cv-02872-CMA-CBS, contained substantially similar allegations of inadequate medical care and retaliation that are alleged in the Prisoner Complaint in this action.

On February 4, 2007, Mr. Coyle filed a response to the order to show cause (ECF No. 7). Mr. Coyle contends that the claims he asserts in this case are not the same claims he asserts in Civil Action No. 13-cv-02872-CMA-CBS. In support, Mr. Coyle simply states that in Civil Action No. 13-cv-02872-CMA-CBS, his "Motion: Tempary [sic] Restraining Orders" (ECF No. 16) was denied and "Notice to the Courts of: Deliborat [sic] Malicious Retalliation [sic]; and the Possible Paralell [sic] claim to above case number" (ECF No. 17) was withdrawn. Construing the Response liberally, it appears that Mr. Coyle contends that because the allegations concerning inadequate medical care and retaliation in these two documents are no longer part of Civil Action No. 13-cv-02872-CMA-CBS, the claims in this action are not repetitive of the claims in Civil Action No. 13-cv-02872-CMA-CBS. The Court finds that the retaliation and access to the court claims are not repetitive of the claims asserted in Civil Action No. 13-cv-02872-CMA-CBS. The Court further finds, however, that Mr. Coyle has failed to show that the claims alleging continued denial of adequate medical treatment and resulting psychological and physical damages in this case are not repetitive of the claims of denial of adequate medical treatment in Civil Action No. 13-cv-02872-CMA-CBS.

For the following reasons, Mr. Coyle will be ordered to file an amended complaint if he wishes to pursue his retaliation and access to the court claims in this action. The retaliation and access to the courts claims Mr. Coyle asserts are not supported by specific factual allegations showing Mr. Coyle is entitled to relief. To state a cognizable

retaliation claim Mr. Coyle must allege specific facts that demonstrate the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998); *see also Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010) (discussing elements of a constitutional retaliation claim). To state a cognizable access to the courts claim Mr. Coyle must allege specific facts that demonstrate he suffered an actual injury in his ability to pursue a nonfrivolous legal claim.  *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996).

For these reasons, Mr. Coyle will be directed to file an amended prisoner complaint that clarifies the retaliation and access to the courts claims.  Accordingly, it is

ORDERED that Mr. Coyle file, **within thirty (30) days from the date of this order**, an amended prisoner complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Coyle shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Coyle fails to file an amended complaint that complies with this order within the time allowed, some of the claims and defendants, or the entire action may be dismissed without further notice.

DATED February 6, 2014, at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge